SCPW-13-0000017

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

KALYN GOWAN, CORRINNA GOWAN, Petitioners,

vs.

JUDGE EDWARD KUBO, Circuit Court Judge
of the First Circuit, Respondent Judge,

and

STATE OF HAWAI‘I, Respondent.

ORIGINAL PROCEEDING
(CR. NO. 12-1-1189)

ORDER GRANTING IN PART AND DENYING IN PART
APPLICATION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.)

On January 9, 2013, petitioners Kalyn Gowan ("Kalyn") and Corrinna Gowan ("Corrinna") filed a petition for a writ of mandamus directing the respondent judge to set aside their convictions for summary contempt in Cr. No. 12-1-1189. Kalyn also seeks an order directing the respondent judge to recuse himself from presiding further over his criminal case.

By order entered on January 24, 2013, we directed the respondent judge and the respondent State of Hawai‘i (the "State") to answer the petition. The respondent judge and the

State timely answered the petition.

Upon consideration of the petition, the answers, the respective supporting documents, and the record, we find that:

(1)  As to Kalyn's request for an order setting aside his conviction for summary contempt, it appears that the findings and conclusions set forth in the January 16, 2013 "Order Finding Defendant in Contempt of Court Under 710-1077(1)(a) and (3)(a) Hawai[']i Revised Statutes" are inconsistent and not supported by the record.  For example, the order states that Kalyn was given "every opportunity to justify himself in this case, and he did not produce any justification or mitigating facts to support his disrespectful statement made to the Court."  The record, however, does not support this statement.  Nevertheless, at a December 17, 2012 hearing, Kalyn apologized to the respondent judge and the respondent judge ruled that he would take no further action on his contempt conviction.

(2)  As to Corrinna's request for an order setting aside her conviction for summary contempt, it appears that the circuit court had jurisdiction over Corrinna, see Peterson v. Highland Music, 140 F.3d 1313, 1323 (9th Cir. 1998) (the court's contempt power extends to a non-party who either aids a party in violating a court order or is legally identified with a party and has notice of the order); Washington v. Washington State Commercial Passenger Fishing Vessel Ass'n, 443 U.S. 658, 692 n.32 (1979) (anyone who takes steps deliberately to thwart the enforcement of a judicial decree can be hauled into court and dealt with summarily, even though he or she is not named in the

2

decree, acting in concert with someone that is, or violating any source of legal obligations other than the decree itself), but should have addressed her alleged contemptuous conduct as indirect constructive criminal contempt. Based on the record, Corrinna's alleged contemptuous conduct was committed outside the court's view and the court lacked knowledge of all of the facts constituting the alleged offense. Corrinna's conduct, therefore, cannot constitute summary contempt and must be charged as indirect constructive criminal contempt, which can only be adjudicated by notice, a hearing, and other procedural safeguards. See HRS § 710-1077(3)(b) (1993). In addition, for indirect constructive criminal contempt, the hearing must be before a different judge. See State v. Brown, 70 Haw. 459, 467, 776 P.2d 1182, 1187-88 (1989).

(3) As to Kalyn's request for the disqualification of the respondent judge, mandamus relief is not warranted. Adjudication of a motion to disqualify a judge is a discretionary matter and Kalyn can seek further review of the denial of his motions to disqualify by way of an appeal from a final judgment entered in the case. See Kema v. Gaddis, 91 Hawai'i 200, 204, 982 P.2d 334, 338 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action; such a writ is not intended to supersede the legal discretionary authority of the trial courts, cure a mere legal error or serve as a legal remedy in lieu of normal

3

appellate procedure); <u>Honolulu Advertiser, Inc. v. Takao</u>, 59 Haw. 237, 241, 580 P.2d 58, 62 (1978) (same). Accordingly,

IT IS HEREBY ORDERED that the application for a writ of mandamus is granted in part and denied in part, as follows:

A. As to Kalyn, his request for mandamus relief is granted to the extent that the "Order Finding Defendant in Contempt of Court Under 710-1077(1)(a) and (3)(a) Hawai[']i Revised Statutes", filed on January 16, 2013, is vacated. Because the respondent judge has indicated that he would take no further action on Kalyn's contempt conviction after Kalyn apologized, no further proceedings on the contempt matter are necessary in the trial court. Kalyn's request for an order directing the respondent judge to recuse himself from further presiding over his criminal case is denied.

B. As to Corrinna, her request for mandamus relief is granted to the extent that the "Order Finding Corrin[n]a Gowan in Contempt of Court Under 710-1077(1)(g) and (3)(a) Hawai[']i Revised Statutes", filed on January 10, 2013, is vacated and the matter is remanded for proceedings not inconsistent with this order. The subsequent proceedings, if any, must be before a different judge.

DATED: Honolulu, Hawai'i, May 8, 2013.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack



4